IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BETH CALL, as Special Administrator of
the Estate of Jeffrey James Call, Deceased                    PLAINTIFF

v.                          No. 4:25-cv-922-DPM

SENTRA LOGISTICS, LLC; JAVARUS
DE'VON OWENS, RELIABLE
TRANSPORTATION SOLUTIONS, LLC;
TRUCK BIZ IN A BOX, LLC; CDL 4 LIFE,
LLC; CHAMAINE T. JEFFERS; and HEC
LEASING, LLC                                                  DEFENDANTS

## ORDER

A collision between two eighteen-wheelers, and several resulting state-court cases, raise a nice question of this Court's removal jurisdiction. A Sentra truck driven by Javarus Owens ran into a truck driven by Jeffery Call. Rakiem Preaster was Owens's passenger. Call died a few months later from his many injuries. At least three lawsuits resulted, all filed in state court. The procedural posture of two of them — *Call I* and *Call II* — is what's important on the removal question. Appendix A maps the parties and claims in each.

Based on complete diversity, Sentra and Owens removed *Call I* here two years ago. Preaster (the passenger) was the plaintiff in *Call II*. He and all the defendants there (Sentra, Owens, Call, and others) settled a few months ago. That settlement left intact Call's crossclaims

against Sentra and Owens, plus Call's third-party claims against many other companies connected with the Sentra/Owens side of the case: Reliable Transportation, Truck Biz In A Box, CDL 4 Life, Chamaine Jeffers, and HEC Leasing.  Sentra and Owens recently removed what was left of *Call II* as well.  Among the many pending motions is Call's motion to remand.  Does the statute, 28 U.S.C. § 1441, allow Sentra and Owens to remove the remaining crossclaims and third-party claims now that Preaster's settlement has resulted in complete diversity of citizenship among the parties still in *Call II*?

No.  *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435 (2019) controls.  Only a defendant in a civil action, over which a district court would have had original jurisdiction, can remove a case to federal court.  587 U.S. at 441–42.  Sentra and Owens were defendants in *Call II*.  But they removed what was left of that tangled case as crossclaim defendants, not as defendants named in Preaster's complaint.  Plus, Sentra and Owens removed Call's unresolved crossclaims, not Preaster's foundational civil action, which had been settled.  Sentra and Owens also removed Call's third-party claims. They are strangers to those claims, not defendants.  While Call's third-party claims were of course connected with Preaster's complaint, these claims against other parties were not the settled civil action. There's one difference between *Home Depot* and this case.  *Home Depot* involved third-party counterclaims that had been left standing, while

*Call II* involves crossclaims and third-party claims. The Supreme Court's strict construction of § 1441(a)'s words applies with equal force to the remaining claims in *Call II*. The post-*Home Depot* cases so hold. *See, e.g., Smith v. We'll Clean, Inc.*, 2020 WL 1077693, at *2–4 (N.D. Ill. 6 March 2020); *Spain v. Bice*, 2024 WL 3106898, at *3–4 (N.D. Ala. 24 June 2024); *Long Point Energy, LLC v. Gulfport Appalachia, LLC*, 2025 WL 606440, at *2 (S.D. Ohio 25 February 2025). This Court agrees. It lacks removal jurisdiction because no original "defendant" removed the original "civil action." 28 U.S.C. § 1441(a); *Home Depot*, 587 U.S. at 441–42.

\*

Motion to remand, *Doc. 42* granted. Motion to consolidate, *Doc. 40*, denied as moot. The Court remands this case, *Call II*, to the Circuit Court of Pulaski County, Arkansas.

So Ordered.

*/s/ W.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

17 October 2025

## APPENDIX A

```
           ┌─────────────────────┐
           │       Call I        │
           │  4:23-cv-903-DPM    │
           └─────────────────────┘
           ┌─────────────────────┐
           │ Jeffrey and Beth Call│
           └─────────────────────┘
                    │
       ┌────────────┼────────────┐
       ▼            ▼            ▼
┌──────────────┐ ┌──────────────┐ ┌──────────────────┐
│Sentra Logistics│ │Javarus Owens │ │Golden State Foods│
└──────────────┘ └──────────────┘ └──────────────────┘
```

-------------------------------------------------------

```
                 ┌─────────────────────┐
                 │       Call II       │
                 │  4:25-cv-922-DPM    │
                 └─────────────────────┘
                 ┌─────────────────────┐
                 │   Rakiem Preaster   │
                 └─────────────────────┘
                            │
        ┌─────────┬─────────┼─────────┬─────────┐
        ▼         ▼         ▼         ▼         ▼
┌──────────────┐ ┌──────────┐   ┌──────────────┐ ┌──────────────────┐
│Sentra Logistics│◄│Beth Call │►  │Javarus Owens │ │Darragh Defendants│
└──────────────┘ └──────────┘   └──────────────┘ └──────────────────┘
                  Crossclaims ╲
                               ╲    Third-party
                                ╲     claims
                                 ╲
                                  ▼
                         ┌─────────────────────────────────────┐
                         │ Reliable Transportation,            │
                         │ Truck Biz, CDL 4 Life,              │
                         │ Chamaine Jeffers, and HEC Leasing   │
                         └─────────────────────────────────────┘
```

-1A-